# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACOB GORALEWSKI, Brian J. Mahon Petitioner Pro Se for the Minor Child, : : : | CIVIL ACTION NO. 1:11-1794 |
| Petitioner, : | (CALDWELL, D.J.) (MANNION, M.J.) |
| v.   : | |
| COLONEL CALVIN RAKER, THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA, THE DISTRICT ATTORNEY OF THE COUNTY OF SCHUYLKILL, : : : : : | |
| Respondents. : | |

## REPORT AND RECOMMENDATION[1]

A petition was originally filed in the Eastern District of Pennsylvania on behalf of the minor petitioner pursuant to 28 U.S.C. §2254, in which he challenges his incarceration in a juvenile detention center. (Doc. No. 1). On September 28, 2011 the action was transferred here to the Middle District of Pennsylvania. (Doc. No. 3). After review of the petition, this court entered an order appointing the Federal Public Defender to represent the petitioner. (Doc. No. 6). In that order of October 20, 2011 the court requested that counsel for the petitioner inform the court whether counsel intends to file an

---

[1] For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

amended habeas petition or file an amended petition for writ of mandamus. On October 24, 2011 the petitioner, through counsel, filed a Notice of Election. (Doc. No. 7). On January 12, 2012 counsel for the petitioner notified the court that the petitioner was released from custody on October 31, 2011. (Doc. No. 8).

A petition for writ of habeas corpus is the exclusive federal remedy for a prisoner challenging the "very fact or duration" of his confinement and seeking "immediate release or a speedier release from that imprisonment." Preiser v. Rodriguez, 411 U.S. 475, 498-99 (1973); Leamer v. Fauver, 288 F.3d 532, 542-44 (3d Cir. 2002). A district court is authorized to "entertain an application for a writ of habeas corpus on behalf of a person in <u>custody</u> pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a) (2006) (emphasis added). The determination of whether a person is "in custody" is made at the time the petition is filed. Spencer v. Kemna, 523 U.S. 1, 7 (1998). Custody is an expansive concept that includes not only a person's physical detention, but also his subjection to restrictions upon his freedom. Id.; Maleng v. Cook, 490 U.S. 488, 491-492 (1989). Once a court has determined that a petitioner was in custody at the time he filed his petition, the court generally retains jurisdiction over the case even if the petitioner is released prior to the disposition of the case. Carafas

2

v. LaVallee, 391 U.S. 234, 237-40 (1968). But, unless the petitioner is challenging his underlying conviction–in other words, if the petitioner is challenging solely his custody and not the cause of it–he must show that he continues to suffer collateral consequences of that custody to avoid the case being moot and the court divested of jurisdiction.[2] Spencer, 523 U.S. at 7; Lane v. Williams, 455 U.S. 624, 631-33 (1982); North Carolina v. Rice, 404 U.S. 244, 246 (1971); DeFoy v. McCullough, 393 F.3d 439, 441-42 (3d Cir. 2005); United States v. Kissinger, 309 F.3d 179, 181 (3d Cir. 2002). When an alien subject to removal challenges only his detention pending removal, his release pending removal, whether or not conditional, entails no collateral consequences. It renders the petition moot because he has received all the relief he sought and would have been entitled to. Sanchez v. Attorney General, United States, 146 Fed.Appx. 547, 549 (3d Cir. 2005) (not precedential); Riley v. Immigration & Naturalization Serv., 310 F.3d 1253, 1257 (10th Cir. 2002); Jones v. Dep't of Homeland Sec., 325 F.Supp.2d 551, 554 (E.D. Pa. 2004).

Here, the petitioner has been released from custody as requested in his

---

[2] In contrast, "[a]n incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction." Spencer, 523 U.S. at 7.

petition. Therefore, the instant petition should be dismissed as moot.

On the basis of the foregoing, **IT IS RECOMMENDED THAT** the petition for writ of habeas corpus, **(Doc. No. 1)**, be **DISMISSED** as moot.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION
United States Magistrate Judge**

Date:  January 13, 2012

O:\shared\REPORTS\2011 Reports\11-1794-01.wpd